FILED
1/10/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
BG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIA MENDOZA, | |
| Plaintiff, | |
| v. | No. |
| FELIPE VALDIVIA, ARTURO VALDIVIA, and ALFREDO VALDIVIA, | Judge |
| | Magistrate Judge |
| Defendants. | |
| | Plaintiff Demands Trial By Jury |

## COMPLAINT

Plaintiff ANTONIA MENDOZA, through her attorneys, brings this action to seek payment of wages denied her by her former employers, FELIPE, ARTURO, and ALFREDO VALDIVIA. Ms. Mendoza dutifully cared for their mother, working seven days a week, often for over 20 hours a day. For her work, the Valdivias paid her only $150 a week. They further took advantage of her trust by borrowing several thousand dollars from her over the course of her employment. After nearly two years, they stopped paying her entirely, and she still continued to care for their mother for three months without pay before finally leaving the job. Ms. Mendoza now brings this action to seek justice for years of exploitation and abuse.

### Parties

1. Antonia Mendoza was, at all times for which this Complaint seeks unpaid wages, an adult resident of Chicago, IL, and an employee under the definition of the term by §3(e) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e), §3(d) of the Illinois Minimum

Wage Law ("IMWL"), 820 ILCS 105/3(d), and §2 of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/2 and a covered employee under the definition of the term by the Chicago Municipal Code (CMC), Title 1, Chapter 24, §010.

2. Felipe Valdivia was, at all relevant times, an employer of Ms. Mendoza under the definition of §3(a),(d) of the FLSA, 29 U.S.C. §203(a),(d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2 and of the CMC 1-24-010.

3. Arturo Valdivia was, at all relevant times, an employer of Ms. Mendoza under the definition of §3(a),(d) of the FLSA, 29 U.S.C. §203(a),(d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2 and of the CMC 1-24-010.

4. Alfredo Valdivia was, at all relevant times, an employer of Ms. Mendoza under the definition of §3(a),(d) of the FLSA, 29 U.S.C. §203(a),(d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2 and of the CMC 1-24-010.

## Venue and Jurisdictions

5. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b) and supplemental jurisdiction over Plaintiff's additional claims pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to this action occurred within this district, and Defendants are located, reside, or do business in this district.

## Factual Allegations

7. Antonia Mendoza began working for Defendants in March 2016.

8. Ms. Mendoza was hired by Defendants to take care of their elderly mother, whom Ms. Mendoza referred to as "Ms. Chuy" (hereafter, "Ms. Valdivia.")

9. Ms. Mendoza worked seven days a week.
10. She began work at 6 PM in the evening, working until 8 AM the following morning on weekdays, and began work at 1 PM in the afternoon, working until 10 AM on weekend days.
11. For her work, Defendants paid Ms. Mendoza $150 every week.
12. Ms. Mendoza's responsibilities included feeding Ms. Valdivia, giving her medicine, and helping her get dressed.
13. Ms. Mendoza was required to sleep at Ms. Valdivia's home in case Ms. Mendoza was needed during the night.
14. Ms. Mendoza would usually be able to sleep for approximately six hours but would regularly have to wake up during the night to work, in order to assist Ms. Valdivia.
15. Some nights, Ms. Mendoza would not be able to sleep at all.
16. Around mid-November 2017, Defendants stopped paying Ms. Mendoza her agreed-upon pay rate.
17. She continued to work there, and at various points asked when they would begin paying her again.
18. In early January 2018, Defendants made immigration threats against Ms. Mendoza when she asked when she would be paid.
19. Arturo told her something to the effect of "if you keep asking about your money we're going to call immigration on you."
20. Ms. Mendoza ultimately stopped working for the Defendants on February 16, 2018, as a result of their consistent failure to pay her.

21. As of the date of filing, Defendants have yet to pay Ms. Mendoza at the agreed pay rate for her final weeks.

## COUNT I
### Fair Labor Standards Act (FLSA), 29 U.S.C. §§201 et seq.

22. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

23. Under federal law, "every employer shall pay to each of his employees…not less than $7.25 an hour…." 29 U.S.C. §206(a)(1)(C).

24. Federal law further states that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

25. At various times alleged above, Defendants failed to pay Plaintiff Mendoza at a rate of or in excess of $7.25 an hour, in violation of 29 U.S.C. §206(a)(1)(C).

26. At various times alleged above, Plaintiff Mendoza worked in excess of 40 hours a week.

27. Defendants failed to pay Plaintiff Mendoza one and one half times her standard hourly pay rate, as well as one and on half times the minimum wage rates required by municipal, county, state and federal law, for those hours worked in excess of 40 hours, in violation of 29 U.S.C. §207(a)(1).

28. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

29. As a result of these violations, Plaintiff Mendoza suffered damages in the form of lost wages.

30. Defendants are jointly and severally liable.

THEREFORE, Plaintiff Mendoza makes the following prayer for relief pursuant to 29 U.S.C. §216(b):

    a. All unpaid wages below the minimum wage owed to Plaintiff Mendoza;

    b. All unpaid overtime owed to Plaintiff Mendoza;

    c. Liquidated damages in an equal amount;

    d. Attorneys' fees;

    e. All other relief this court may deem just and proper.

## COUNT II
### Illinois Minimum Wage Law (IMWL), 820 ILCS 105/

31. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32. Under Illinois law, "after July 1, 2010 every employer shall pay to each of his or her employees…in every occupation wages of not less than $8.25 per hour." 820 ILCS 105/4(a)(1).

33. Illinois law also requires that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed." 820 ILCS 105/4a(1).

34. At various times alleged above, Defendants failed to pay Plaintiff Mendoza at a rate of or in excess of $8.25 an hour, in violation of 820 ILCS 105/4(a)(1).

35. At various times alleged above, Plaintiff Mendoza worked in excess of 40 hours a week.

36. Defendants failed to pay Plaintiff Mendoza one and one half times her standard hourly pay rate, as well as one and on half times the minimum wage rates required by municipal,

county, state and federal law, for those hours worked in excess of 40 hours, in violation of 820 ILCS 105/4a(1).

37. Upon information and belief, Defendants' violations of IMWL were willful.

38. As a result of these violations, Plaintiff Mendoza suffered damages in the form of lost wages.

39. Defendants are jointly and severally liable.

THEREFORE, Plaintiff Mendoza makes the following prayer for relief pursuant to 820 ILCS 105/12(a):

a. All unpaid wages below the minimum wage owed to Plaintiff Mendoza;

b. All unpaid overtime owed to Plaintiff Mendoza;

c. Liquidated damages to be calculated at trial;

d. Attorneys' fees;

e. All other relief this court may deem just and proper.

## COUNT III
### Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/

40. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

41. Under Illinois law, "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned." 820 ILCS 115/4.

42. Under the IWPCA, "'wages' shall be defined as any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties,

whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2.

43. At the beginning of their employment relationship, Plaintiff Mendoza and Defendants agreed to a pay rate of $150 per week.

44. At various times alleged above, Defendants refused to pay Plaintiff Mendoza this agreed-upon rate.

45. Defendants have still not paid Plaintiff Mendoza at the agreed-upon rate for her work.

46. Further, as alleged elsewhere in this Complaint, Defendants had a legal obligation to pay Plaintiff Mendoza in accordance with municipal, county, state, and federal minimum wage and overtime provisions.

47. Defendants' failure to pay Plaintiff Mendoza violates 820 ILCS 115/4.

48. As a result of these violations, Plaintiff suffered damages in the form of lost wages.

49. Defendants are joint and severally liable.

THEREFORE, Plaintiff Mendoza makes the following prayer for relief pursuant to 820 ILCS 115/14(a):

a. All unpaid wages owed to Plaintiff Mendoza at the rate required by municipal, state, and federal law;

b. In the alternative, all unpaid wages owed to Plaintiff Mendoza at the agreed-upon rate;

c. Liquidated damages pursuant to the statute to be calculated at trial;

d. Attorneys' fees;

e. All other relief this court may deem just and proper.

### COUNT IV
**Unpaid Minimum Wage**
**Cook County Minimum Wage Ordinance, Cook County Code 42-11 et seq.**

58. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

59. At all times she worked for Defendants, Plaintiff Mendoza was paid under $10.00 per hour after July 1, 2017 for work done within Cook County.

60. Defendants failed to pay Plaintiff Mendoza at least $10.00 per hour for all hours worked after July 1, 2017, in violation of Cook County Code §42-13.

61. As a result of these violations, Plaintiff Mendoza suffered damages in the form of lost wages.

62. Defendants are jointly and severally liable.

THEREFORE, Plaintiff Mendoza makes the following prayer for relief pursuant to Cook County Code § 44-22:

   a. All unpaid wages owed to Plaintiff Mendoza;
   b. Liquidated damages in twice that amount;
   c. Attorneys' fees;
   d. Costs; and
   e. All other relief this court may deem just and proper.

### COUNT V
**Chicago Minimum Wage Ordinance, Municipal Code of Chicago Chapter 1-24**

50. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

51. Under Chicago law, "[b]eginning on July 1, 2016," Plaintiff Mendoza was entitled to be paid $10.50 per hour. CMC 1-24-020.

52. Similarly, under Chicago law, "[b]eginning on July 1, 2017," Plaintiff Mendoza was entitled to be paid at least $11 per hour. CMC 1-24-020.

53. Chicago law further establishes that "[t]he Wages set out in Sections 1-24-020 and 1-24-030 are subject to the overtime compensation provisions in the Minimum Wage Law…" CMC 1-24-040.

54. At various times alleged above, Defendants failed to pay Plaintiff Mendoza at a rate of or in excess that required by the Chicago Minimum Wage Ordinance, CMC 1-24-020.

55. At various times alleged above, Plaintiff Mendoza worked in excess of 40 hours a week.

56. Defendants failed to pay Plaintiff Mendoza one and one half times the pay rate required by law for those hours worked in excess of 40 hours, in violation of CMC 1-24-040.

57. As a result of these violations, Plaintiff Mendoza suffered damages in the form of lost wages.

58. Defendants are jointly and severally liable.

THEREFORE, Plaintiff Mendoza makes the following prayer for relief pursuant to CMC 1-24-110:

   a. All unpaid wages owed to Plaintiff Mendoza;
   b. Liquidated damages in twice that amount;
   c. Attorneys' fees;
   d. All other relief this court may deem just and proper.

## COUNT VI
**Forced Labor, 18 U.S.C. §§ 1589, 1595**

59. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

60. Defendants threatened to report Plaintiff Mendoza to Federal immigration enforcement officials if she did not drop her request that she be paid for her work.

61. Defendants' threats subjected plaintiff to intense psychological abuse, which was designed to coerce Plaintiff Mendoza into believing she would suffer serious harm if she did not accede to Defendants' illegal conditions of employment, namely that she not be paid for her work.

62. Defendants threatened Plaintiff Mendoza with deportation by Federal immigration officials in a manner that constituted a threatened abuse of the legal process and threat of serious harm under 18 U.S.C. §1589(a)(2-3).

THEREFORE, Plaintiff Mendoza makes the following prayer for relief pursuant 18 U.S.C. §1595:

   a. Compensatory damages;
   b. Punitive damages;
   c. Attorneys' fees; and
   d. All other relief this court may deem just and proper.

## COUNT VII
### Breach of Contract

63. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

64. In the alternative, if Plaintiff Mendoza is found not to be a statutory employee but instead an independent contractor, Defendants' agreement with Plaintiff Mendoza that she work for them and in exchange be paid $150 per week constituted a contract.

65. Defendants' failure to pay Plaintiff Mendoza the full amount agreed to for her work constituted a breach of contract.

THEREFORE, Plaintiff Mendoza makes the following prayer for:

a. Remedies for the breach of contract in the amount of unpaid wages owed to plaintiff;

b. All other relief this court deems just and proper.

Respectfully submitted,

/s/ Deanne Medina
Plaintiff's Attorney

Deanne Medina
Beyond Legal Aid
17 North State Street, Suite 1380
Chicago, IL 60602
(312) 999-0056
deanne@calachicago.org
Atty No. 6273485